United States District Court
Eastern District of Michigan

MARLON HAUGABOOK,

     Plaintiff,                   Civil No.

v.                                 Honorable
                                Mag. Judge

UNITED STATES SECRETARY OF
HOUSING AND URBAN
DEVELOPMENT and FINANCIAL
FREEDOM SENIOR FUNDING
CORPORATION,

     Defendants.

---

## Notice of Removal

---

Defendant, United States Secretary of Housing and Urban Development, petitioner herein, by her attorneys, pursuant to 28 U.S.C. §§ 1442(a)(1), 1444 and 1446, hereby removes this action (Case No. 23-002095-CH), which is now pending in Wayne County Circuit Court for the State of Michigan from said state court to the United States District Court for the Eastern District of Michigan, Southern Division.

This action is subject to removal because plaintiff seeks to sue the United States of America under 28 U.S.C. § 2410 and any action brought under section 2410 against the United States may be removed by the United States to the district

court of the United States in which the action is pending.  28 U.S.C. § 1444.

The above-entitled action was filed against defendants on or about February 15, 2023; an Amended Complaint was filed on March 27, 2023; formal service of process was made upon the petitioner on or about May 4, 2023. Copies of all process and pleadings in possession of petitioner are attached hereto.

For removals of suits covered by 28 U.S.C. § 1442, removal of the entire action by the federal government alone is hereby effected without requiring the consent of the other parties in the Notice of Removal.  *See* 28 U.S.C. § 1446(b)(2); 14C *Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 3d,* § 3727 at 166-68 & nn. 74 & 75; 16 *Moore's Federal Practice,* §§ 107.15[1][b][v] at 107-122.7; 107.15[1][b][iii] at 107-122.3 & n.26; 107.15[1][b][i] at 107-117; *Johnson v. Showers*, 747 F.2d 1228, 1229 (8th Cir. 1984).

Respectfully submitted,

Dawn N. Ison
United States Attorney

*s/Jennifer L. Newby*

Jennifer L. Newby (P68891)
Assistant U.S. Attorney
211 W. Fort St., Ste. 2001
Detroit, MI  48226
(313) 226-0295
Jennifer.Newby@usdoj.gov

Date:  June 2, 2023

## **Certificate of Service**

I hereby certify that on June 2, 2023, I electronically filed the foregoing

paper with the Clerk of the Court using the ECF system.

I further certify that I have mailed by U.S. mail the foregoing paper to the

following non-ECF participants:

Shakeena Gezell Melbourne
23205 Gratiot Ave., #354
Eastpointe, MI  48021-1641

*s/Jennifer L. Newby*
Jennifer L. Newby (P68891)
Assistant U.S. Attorney
211 W. Fort St., Ste. 2001
Detroit, MI  48226
(313) 226-0295
Jennifer.Newby@usdoj.gov

*Ct mail GK,*
*05|04|23*

Approved, SCAO

| | Original - Court<br>1st Copy- Defendant | 2nd Copy - Plaintiff<br>3rd Copy -Return |

| **STATE OF MICHIGAN**<br>**THIRD JUDICIAL CIRCUIT**<br>**WAYNE COUNTY** | **SUMMONS** | **CASE NO.**<br>**23-002095-CH**<br>**Hon.Dana Margaret Hathaway** |

Court address : 2 Woodward Ave., Detroit MI 48226           Court telephone no : 313-224-2444

| Plaintiff's name(s), address(es), and telephone no(s)<br>Haugabook, Marlon | v | Defendant's name(s), address(es), and telephone no(s).<br>United States Secretary of Housing and Urban<br>Development |
| Plaintiff's attorney, bar no., address, and telephone no<br><br>Shakeena Gezell Melbourne 78958<br>23205 Gratiot Ave # 354<br>Eastpointe, MI 48021-1641 | | |

USDC-EDMI '23 MAY 4 PM12:47

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

### Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

### Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

    been previously filed in ☐ this court, ☐_____ Court,

    where it was given case number _____ and assigned to Judge _____.

    The action ☐ remains ☐ is no longer pending.

    Summons section completed by court clerk.     | **SUMMONS** |

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>2/15/2023 | Expiration date*<br>5/17/2023 | Court clerk<br>John Flanagan |

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**MC 01** (9/19)       **SUMMONS**       MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105



STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

Marlon Haugabook.

    Plaintiff,

V.                                   Case No.      -CH

United States Secretary of
Housing and Urban Development and
Financial Freedom Senior Funding Corporation.

    Defendant.

_____/

Upton Law, PLLC
Shakeena Melbourne (P78958)
Attorney for Plaintiff
23205 Gratiot Ave. #354
Eastpointe, MI 48021
(248) 677-2019
Uptonlawpllc@gmail.com

---

## COMPLAINT

A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in the State of Michigan District Court, where it was given case number 22392030. The action remains pending.

**NOW COMES** Plaintiff, Marlon Haugabook ("Plaintiff"), by and through counsel, Upton Law, PLLC for his cause of action against Defendants, United States Secretary of Housing and Urban Development ("HUD"), relating to the property located at 14610 Prest Street, Detroit, Michigan 48227, and respectfully shows unto this Honorable Court as follows:

1. Plaintiff is a resident of Wayne County, Michigan.
2. Defendant, United States Secretary of Housing and Urban Development ("HUD").
3. Defendant Financial Freedom Senior Funding Corporation, a subsidiary of Lehman Brothers Bank, FSH.

4. Beginning October 7, 1970 and continuing until February 5th, 2015, legal title to the real property located at 14610 Prest Street, Detroit, Michigan 48227 was transferred via warranty deed to Mary E. Haugabook and Jimmie Lee Haugabook, her husband.

5. Attached as Exhibit A is Death Certificate of Jimmie Lee Haugabook, whom died on April 28, 1988.

6. Mary E. Haugabook resided at the real property until her death on June 2, 2016. See Death Certificate attached as Exhibit B.

7. Plaintiff is the birth son of Mary E. Haugabook who moved into the property prior to 2015 to care for his mother's medical heath and has remained at the property since her death on June 2, 2016.

8. Prior to Mary E. Haugbook's death, Mary E. Haugabook, as widow, conveyed the real property to Plaintiff via quit claim deed dated February 5th 2015, legally described as:

   LOT 91 AVON PARK SUBDIVIONS OF W. ½ OF N.W. ¼ OF SECTION 19, EXCEPT THE SOUTH 16 ¾ ACRES, AND N. 1/3 OF N.W. ¼ OF SECTION 19, T.1S., R 11E., GREENFIELD TWP., WAYNE CO., MICHIGAN. AS RECORDED L. 30,P.98 PLATS, W.CR.

   Tax I.D. 22048583. Commonly Known Address: 14610 Prest Detroit, MI 48277

   Together with all singular tenements; hereditaments and appurtenances thereunto belonging or in anywise appertaining, for the sum One Dollar ($1.00) Exempt under MSA 7.456(5)(a) MCL207.526(6)(a)

   (hereinafter referred to as "Property").

9. Attached as Exhibit C is a true and accurate copy of the Property Transfer Affidavit and Quit Claim Deed dated February 5, 2015 filed September 22, 2021 according to the Wayne County's Records.

10. Pursuant to a Quit Claim Deed filed with the Register of Deed on August 25, 2015, Plaintiff became the owner of and at all times mentioned in this Complaint, was in possession of the Property.

11. This matter concerns events that occurred in Wayne County, Michigan, and property situated in Wayne County, Michigan.

12. Venue and jurisdiction are proper pursuant to MCL 600.605 and 600.1605.

2

COUNT I—QUIET TITLE

13. Plaintiff restates and incorporates by reference the allegations in the preceding paragraphs as though fully set forth in this complaint.

14. Pursuant to MCL 600.2932(1) "[a]ny person, whether he is in possession of the land in question or not, who claims any right in, title to, equitable title to, interest in, or right to possession of land, may bring an action in the circuit courts against any other person who claims or might claim any interest inconsistent with the interest claimed by the plaintiff, whether the defendant is in possession of the land or not."

*A. Open and Notorious*

15. Plaintiff has an equitable interest to the Property as the sole person in possession of the Property as early as 2011.

16. After taking possession of the Property, Plaintiff notified Financial Freedom of his mother's death as well as his legal right to ownership.

17. Plaintiff has not been forced to pay any rent or mortgage since taking possession of the Property.

18. Instead, Plaintiff has had exclusive, complete, actual, open, notorious, hostile, and continuous possession of the Property adverse to defendants for more than 15 years.

19. Plaintiff has paid all taxes levied or assessed against the property and all other assessments during the past 15 years. Plaintiff has made and paid for all repairs, upkeep, and the insurance on the property for 15 years. See *Connelly v. Buckingham*, 136 Mich App 462; 357 NW2d 70 (1984). Examples of exclusive use may include cutting the grass, trimming trees, planting flowers, installing sprinklers and other acts of dominion demonstrating that the property is exclusively your property.

20. Furthermore, the Court in *Mackinac Island Dev Co v Burton Abstract & Title Co*, 132 Mich App 504; 349 NW2d 191 (1984) considered numerous factors such as the erection and maintenance of a fence, the maintenance of the land and the use of the land such as picnics and skiing.

21. Here, Plaintiff has been present at the Property by personally mowing the grass, plowing the snow, greeting neighbors and assisting with the maintenance and upkeep of the Property for others to see.

3

22. Defendant has failed to pay for any taxes, insurance, or upkeep on the Property and its claims to ownership cause great and irreparable harm to the Plaintiff.

23. Plaintiff and his predecessors have excluded others and held the property under a claim of right as described above. The Court in *Connelly v. Buckingham*, 136 Mich App 462; 357 NW2d 70 (1984) stated, "'Claim of title' is where one enters and occupies land, with the intent to hold it as his own, against the world, irrespective of any shadow or color or right or title." (citation omitted).

24. The Court of Appeals held that it was not necessary that the party in possession "should have expressly declared his intention to hold the property as his own, nor need his claim thereto be a rightful one." *Id.*

25. The mere fact of actions and conduct that demonstrates a claim of ownership is enough to meet this element that the Plaintiff has occupied the Property openly.

*B. Legally protected interest.*

26. A party does not have any standing in a quiet title action unless there is a legally protected interest in jeopardy of being adversely affected. *Bryan v JPMorgan Chase Bank*, 304 Mich App 708, 715; 848 NW2d 482 (2014).

27. On or about February 5, 2015 Mary Haugabook deeded the Property to her son, Marlon Haugabook as a legacy and future estate planning.

28. Prior to her passing in 2016, Marlon moved into the Property to help his mother with her medical issues and old age.

29. In 2021, the homeowner's insurance lapsed.

30. When the Plaintiff attempted to reinstate the homeowner's insurance he was informed that he would need to have the Property in his name in order to reinstate the homeowner's insurance.

31. As such, the Plaintiff filed the Quit Claim Deed his mother gave him in 2015.

32. Thereafter, he was able to get homeowner's insurance, in September of 2021.

33. It was not until May of 2022 when the Defendants administered a non-judicial foreclosure.

34. Mary passed away in 2016.

35. Between 2016- 2021, the Defendants did not file any claims of interest, mailed any statements regarding the reverse mortgage or filed any documentation in any court in the State of Michigan regarding the loan or any delinquencies regarding its mortgage.

36. For nearly 5 years, the Defendants knew or had knowledge that Mary passed away and did nothing to collect on its interest.

37. Unless Defendants are enjoined from asserting its adverse claim to the Property, Defendant will continue to assert it adverse claim resulting in irreparable harm, damage, and injury to Plaintiff because the Defendants are currently trying to evict the Plaintiff from the Property and claiming a full ownership interest in the Property.

38. More specifically on March 16, 2022, HUD filed its Notice of Default and Foreclosure Sale of the Property on May 10, 2022 was recorded with Wayne County Register of Deeds.

39. Pursuant to MCR 3.411(H) "Except for title acquired by adverse possession, the judgment determining a claim to title, equitable title, right to possession, or other interests in lands under this rule, determines only the rights and interests of the known and unknown persons who are parties to the action, and of persons claiming through those parties by title accruing after the commencement of the action."

40. Furthermore, the adverse claims of Defendants tend to depreciate greatly the value of the Property as it has failed to do anything regarding the Property for nearly 7 years.

C. *Plaintiff's continuous use of the Property*

41. Plaintiff's mother, Mary, as predecessor in title, occupied and possessed the property to the full extent of the borders identified in Exhibit C.

42. Her occupancy and possession was actual, visible, open, notorious, exclusive, continuous, and uninterrupted for over 15 years until the death of Plaintiff's mother in 2016.

43. A person seeking adverse possession is allowed to add his predecessor's period of possession if they can establish privity of the estate in an instrument of conveyance such as a deed or parole references at the time of the conveyance.

44. This is possible if the person can show that the privity existed at the time of the conveyance. a person seeking adverse possession is permitted to add his predecessor's period of possession if they can establish privity of estate in an instrument of conveyance such as a deed or parol references at the time of the conveyance. See *Dubois v Karazin,* 315 Mich 598, 605-606; 24 NW2d 414 (1946); *Siegal v Renkiewicz Estate,* 373 Mich 421, 425; 129 NW2d 876 (1964) and *Caywood v Dep't of Natural Resources,* 71 Mich App 322, 334; 248 NW2d 253 (1976), *lv den* 399 Mich 845 (1977).

45. After receiving title from his mother, Plaintiff occupied and possessed the property to the full extent of the borders identified in Exhibit A. His occupancy and possession was actual, visible, open, notorious, exclusive, continuous, and uninterrupted, constituting a period in excess of 15 years.

46. The Court in *Mackinac Island Dev Co v Burton Abstract & Title Co*, 132 Mich App 504; 349 NW2d 191 (1984) considered numerous factors such as the erection and maintenance of a fence, the maintenance of the land and the use of the land such as picnics and skiing.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter its judgment as:

a. that Defendant, and any persons claiming under Defendant, be required to set forth the nature of their claims to Plaintiff's Property;

b. all adverse claims to Plaintiff's Property be determined by a decree of this court;

c. to decree, declare, and adjudge that Plaintiff owns Property in equity, and is entitled to the quiet and peaceful possession of Property, and that Defendant and all persons claiming under Defendant have no estate, right, title, lien, or interest in or to Property or any portion of the Property;

d. to permanently enjoin Defendant and all persons claiming under Defendant from asserting any adverse claim to Plaintiff's' title to Plaintiff's Property;

e. to permanently enjoin Defendant and all other persons claiming under Defendants from entering the Property; and

f. awarding to Plaintiff the costs of this action, including attorney fees, and such other and further relief as this court deems just and appropriate.

Respectfully Submitted,

Dated: February 14, 2023

/s/*Shakeena G. Melbourne*
Shakeena Melbourne (P78958)
Attorney for Plaintiff
Upton Law, PLLC
23205 Gratiot Ave. #354
Eastpointe, MI 48021
(248) 677-2019
Lawyer@uplawpllc.com

6

# EXHIBIT A

COUNTY OF WAYNE MICHIGAN

STATE OF MICHIGAN
DEPARTMENT OF COMMUNITY HEALTH
**CERTIFICATE OF DEATH**

STATE FILE NUMBER: 3825777

CF 3396

**DECEDENT**

DECEDENT'S NAME: MARY ELIZABETH HAUGABOOK
DATE OF BIRTH: FEB. 20, 1932
SEX: FEMALE
DATE OF DEATH: JUNE 2, 2016

NAME AT BIRTH OR OTHER NAME USED FOR PERSONAL RECORDS: MARY ELIZABETH FERGUSON
AGE: 84

LOCATION OF DEATH: HENRY FORD HOSPITAL
CITY, VILLAGE OR TOWNSHIP OF DEATH: DETROIT
COUNTY OF DEATH: WAYNE

CURRENT RESIDENCE — STATE: MICHIGAN   COUNTY: WAYNE   CITY: DETROIT
STREET AND NUMBER: 14610 PREST
EDUCATION: 8TH GRADE

ZIP CODE: 48227
BIRTHPLACE: MAITLAND, WEST VIRGINIA
SOCIAL SECURITY NUMBER: 4626

RACE: BLACK
ANCESTRY: AFRICAN AMERICAN
HISPANIC ORIGIN: NO
WAS DECEDENT EVER IN U.S. ARMED FORCES: NO

USUAL OCCUPATION: NURSE'S AIDE
KIND OF BUSINESS OR INDUSTRY: MEDICAL/HEALTH
MARITAL STATUS: WIDOWED
NAME OF SURVIVING SPOUSE:

**PARENTS**

FATHER'S NAME: GENE FERGUSON
MOTHER'S NAME BEFORE FIRST MARRIED: CORA SCOTT

**INFORMANT**

INFORMANT'S NAME: CHEVOKA ROWE
RELATIONSHIP TO DECEDENT: DAUGHTER
MAILING ADDRESS: 23880 MORTON ST, OAK PARK, MI. 48203

**DISPOSITION**

METHOD OF DISPOSITION: BURIAL
PLACE OF DISPOSITION: MT. HOPE MEMORIAL GARDENS CEMETERY
LOCATION: LIVONIA, MICHIGAN

SIGNATURE OF FUNERAL FACILITY: 6537
NAME AND ADDRESS OF FUNERAL FACILITY: SWANSON FUNERAL HOME, INC.
14751 W. MCNICHOLS RD. DETROIT, MI. 48235

ACTUAL OR PRESUMED DATE OF DEATH: 06/10 A
PRONOUNCED DEAD ON: 6/2/16
TIME PRONOUNCED: 0610 A

**CERTIFICATION**

MEDICAL EXAMINER CONTACTED: No
PLACE OF DEATH: Hospice Inpatient

Signature and Title: ____ MD
DATE SIGNED: 6/5/16
LICENSE NUMBER: 4301083410

NAME AND ADDRESS OF CERTIFYING PHYSICIAN: GINA UNCREREN 2799 W Grand Boulevard, Detroit MI 48202

LOCAL REGISTRAR: Cathy M. Garrett
DATE: JUN 08 2016

**CAUSE OF DEATH**

PART I.
a. Acute respiratory failure — Day
b. Anoxic brain injury — days
c. Cardiac arrest — day
d. Squamous cell carcinoma of left lung — weeks

MANNER OF DEATH: Natural
WAS AN AUTOPSY PERFORMED: No
WERE AUTOPSY FINDINGS AVAILABLE: 

DATE OF CDI: 
TIME OF INJURY: 
DESCRIBE HOW INJURY OCCURRED: 

**EXAMINER**

INJURY AT WORK: 
PLACE OF INJURY: 
TRANSPORTATION: 

143832   JUN 08 2016

Cathy M. Garrett
WAYNE COUNTY CLERK

Death Records

WARNING: IT IS ILLEGAL TO DUPLICATE THIS COPY BY PHOTOSTAT OR PHOTOGRAPH

# EXHIBIT B

STATE OF MICHIGAN
CERTIFICATION OF VITAL RECORD

## COUNTY OF WAYNE

STATE OF MICHIGAN
DEPARTMENT OF PUBLIC HEALTH

LF

CF **4833**

0491777

STATE FILE NUMBER

### CERTIFICATE OF DEATH

| DECEDENT NAME FIRST | MIDDLE | LAST | SEX | DATE OF DEATH (Mo. Day, Yr) |
|---|---|---|---|---|
| 1 Jimmie | Lee | Haugabook | 2 Male | 3 April 28, 1988 |

| RACE - e.g. White, Black, American Indian (Specify) | AGE - Last Birthday | UNDER 1 YEAR | UNDER 1 DAY | DATE OF BIRTH (Mo. Day, Yr) | COUNTY OF DEATH |
|---|---|---|---|---|---|
| 4 BLACK | 5a 61 (Yrs.) | 5b MOS. / DAYS | 5c HOURS / MINS | 6 MARCH 27, 1927 | 7a Wayne |

LOCATION OF DEATH (Check one and specify)
X INSIDE CITY LIMITS OF Detroit
INSIDE VILLAGE LIMITS OF
7b TWP OF

HOSPITAL OR OTHER INSTITUTION - Name (If not in either, give street and number)
7c Henry Ford Hospital

| STATE OF BIRTH (If not in U.S.A. name country) | CITIZEN OF WHAT COUNTRY | MARRIED, NEVER MARRIED, WIDOWED, DIVORCED (Specify) | SURVIVING SPOUSE (If wife, give maiden name) | WAS DECEDENT EVER IN U.S. ARMED FORCES? (Specify Yes or No) |
|---|---|---|---|---|
| 8 GEORGIA | 9 U.S.A. | 10 MARRIED | 11 MARY FERGUSON | 12 NO |

| SOCIAL SECURITY NUMBER | USUAL OCCUPATION (Give kind of work done during most of working life, even if retired) | KIND OF BUSINESS OR INDUSTRY |
|---|---|---|
| | 14a RETIRED | 14b GENERAL MOTORS/ FLEETWOOD |

| CURRENT RESIDENCE STATE | COUNTY | LOCALITY XX INSIDE CITY LIMITS OF / INSIDE VILLAGE LIMITS OF DETROIT / TWP OF | STREET AND NUMBER |
|---|---|---|---|
| 15a MICHIGAN | 15b WAYNE | 15c | 15d 14610 PREST |

| FATHER - NAME FIRST | MIDDLE | LAST | MOTHER - MAIDEN NAME FIRST | MIDDLE | LAST |
|---|---|---|---|---|---|
| 16 J. | B. | HAUGABOOK | 17 NETTIE | | TOOKES |

| INFORMANT | MAILING ADDRESS STREET OR R.F.D. NO. | CITY OR TOWN | STATE | ZIP |
|---|---|---|---|---|
| 18a (Signature) MARY HAUGABOOK | 18b 14610 PREST | DETROIT, MICHIGAN | | 48227 |

19 IMMEDIATE CAUSE
PART I (ENTER ONLY ONE CAUSE PER LINE FOR (a), (b), AND (c))

| | | Interval between onset and death |
|---|---|---|
| (a) Cardiopulmonary arrest | | immediate |
| DUE TO, OR AS A CONSEQUENCE OF: | | Interval between onset and death |
| (b) Carcinoma of the lung with metastases | | 2 years, 3 mo. |
| DUE TO, OR AS A CONSEQUENCE OF: | | Interval between onset and death |
| (c) | | |

PART II OTHER SIGNIFICANT CONDITIONS - Conditions contributing to death but not related to cause given in PART I

| | AUTOPSY (Specify Yes or No) | WAS CASE REFERRED TO MEDICAL EXAMINER? (Specify Yes or No) |
|---|---|---|
| | 20 No | 21 No |

| PLACE OF DEATH (Home, Nursing Home, Hospice, Ambulance) (Specify) | IF HOSP. OR INST. Inpatient, SDA, DP Emer. Rm. Inpatient (Specify) |
|---|---|
| 22a Hospital | 22b Inpatient |

22c To the best of my knowledge, death occurred at the time, date and place and due to the cause(s) stated.

CERTIFYING PHYSICIAN

(Signature and Title) ▶ Robert MO D

| 23a April 29, 1988 | 23c 6:25 P.M. |
|---|---|

23e NAME OF ATTENDING PHYSICIAN IF OTHER THAN CERTIFIER (Type or Print)

24a
The case reviewed and determined not to be a medical examiner's case.
On the basis of examination and/or investigation in my opinion death occurred at the time, date and place and due to the cause(s) stated.

MEDICAL EXAMINER

(Signature and Title) ▶

| 24b DATE SIGNED (Mo. Day, Yr.) | 24c HOUR OF DEATH M |
|---|---|
| 24d ON | PRONOUNCED DEAD (Mo. Day, Yr.) | 24e PRONOUNCED DEAD (Hour) M |
| | 24d ON | 24e AT M |

25 NAME AND ADDRESS OF CERTIFIER PHYSICIAN OR MEDICAL EXAMINER: (Type or Print)
25 Robert M. O'Bryan, M.D.,Henry Ford Hospital,2799 W. Grand Blvd.,Detroit,MI 48202

| ACC. SUICIDE, HOM OR PENDING INVEST (Specify) | DATE OF INJURY (Mo., Day, Yr.) | HOUR OF INJURY | DESCRIBE HOW INJURY OCCURRED |
|---|---|---|---|
| 26a | 26b | 26c | 26d |

| INJURY AT WORK (Specify Yes or No) | PLACE OF INJURY - At home, farm, street, factory, office building, etc. (Specify) | LOCATION STREET OR R.F.D. NO. | CITY, VILLAGE OR TOWNSHIP | STATE |
|---|---|---|---|---|
| 26e | 26f | 26g | | |

| BURIAL, CREMATION, REMOVAL, OTHER (Specify) | CEMETERY OR CREMATORY-NAME | LOCATION CITY, VILLAGE OR TOWNSHIP | STATE |
|---|---|---|---|
| 27a BURIAL | 27b MT. HOPE CEMETERY | 27c DETROIT, MICHIGAN | |

| DATE (Mo. Day, Yr.) | NAME OF FACILITY | ADDRESS OF FACILITY |
|---|---|---|
| 28a MAY 3, 1988 | 28b C.W. MORRIS FUNERAL HOME, INC | 28c 12700 HAMILTON HIGHLAND PK, MI |

| FUNERAL SERVICE LICENSE (Signature) | REGISTRAR (Signature) | DATE RECEIVED BY LOCAL REGISTRAR Mo. Day |
|---|---|---|
| 28d ▶ | 29a ▶ Gloria F. Harper | 29b MAY 12 1988 |

431532

WARNING
ANY REPRODUCTION IS PROHIBITED BY LAW. DO NOT ACCEPT UNLESS ON SECURITY PAPER WITH COLORED BACKGROUND AND TACTILE HOLOGRAPHIC SEAL IN BOTTOM RIGHT CORNER. NOT VALID IF PHOTOCOPIED.

AUG 1 2 2021
DATE

I CATHY M GARRETT CLERK OF SAID COUNTY OF WAYNE DO HEREBY CERTIFY that the foregoing is a true and exact copy of the original document on file in my office.

Cathy M Garrett

CATHY M GARRETT
Wayne County Clerk

1796

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE

EXHIBIT C

Michigan Department of Treasury
2766 (Rev. 05-16)

**Property Transfer Affidavit**

L-4260

This form is issued under authority of P.A. 415 of 1994. Filing is mandatory.

This form must be filed whenever real estate or some types of personal property are transferred (even if you are not recording a deed). The completed Affidavit must be filed by the new owner with the assessor for the city or township where the property is located within 45 days of the transfer. The information on this form is NOT CONFIDENTIAL.

| 1. Street Address of Property | 2. County | 3. Date of Transfer (or land contract signed) |
|---|---|---|
| 14610 Prest | WANYE | 02/05/2015  9-22-21 |

| 4. Location of Real Estate (Check appropriate field and enter name in the space below.) | 5. Purchase Price of Real Estate |
|---|---|
| ☑ City    ☐ Township    ☐ Village | — |

6. Seller's (Transferor) Name: JIMMIE HAUGABOO MARZY HAUGABOOK

7. Property Identification Number (PIN). If you don't have a PIN, attach legal description. **PIN.** This number ranges from 10 to 25 digits. It usually includes hyphens and sometimes includes letters. It is on the property tax bill and on the assessment notice.

22048583.

8. Buyer's (Transferee) Name and Mailing Address: MARLON HAUGABOOK 14610 PREST DET M I 48227

9. Buyer's (Transferee) Telephone Number: 313 268 6433

**Items 10 - 15 are optional. However, by completing them you may avoid further correspondence.**

10. Type of Transfer. **Transfers** include, but are not limited to, deeds, land contracts, transfers involving trusts or wills, certain long-term leases and business interest. See page 2 for list.

☐ Land Contract    ☐ Lease    ☑ Deed    ☐ Other (specify)

| 11. Was property purchased from a financial institution? | 12. Is the transfer between related persons? | 13. Amount of Down Payment |
|---|---|---|
| ☐ Yes    ☐ No | ☑ Yes    ☐ No | |

| 14. If you financed the purchase, did you pay market rate of interest? | 15. Amount Financed (Borrowed) |
|---|---|
| ☐ Yes    ☑ No | |

**EXEMPTIONS**

Certain types of transfers are exempt from uncapping. If you believe this transfer is exempt, indicate below the type of exemption you are claiming. If you claim an exemption, your assessor may request more information to support your claim.

☐ Transfer from one spouse to the other spouse

☐ Change in ownership solely to exclude or include a spouse

☑ Transfer between certain family members *(see page 2)

☐ Transfer of that portion of a property subject to a life lease or life estate (until the life lease or life estate expires)

☐ Transfer between certain family members of that portion of a property after the expiration or termination of a life estate or life lease retained by transferor ** (see page 2)

☐ Transfer to effect the foreclosure or forfeiture of real property

☐ Transfer by redemption from a tax sale

☐ Transfer into a trust where the settlor or the settlor's spouse conveys property to the trust and is also the sole beneficiary of the trust

☐ Transfer resulting from a court order unless the order specifies a monetary payment

☐ Transfer creating or ending a joint tenancy if at least one person is an original owner of the property (or his/her spouse)

☐ Transfer to establish or release a security interest (collateral)

☐ Transfer of real estate through normal public trading of stock

☐ Transfer between entities under common control or among members of an affiliated group

☐ Transfer resulting from transactions that qualify as a tax-free reorganization under Section 368 of the Internal Revenue Code.

☐ Transfer of qualified agricultural property when the property remains qualified agricultural property and affidavit has been filed.

☐ Transfer of qualified forest property when the property remains qualified forest property and affidavit has been filed.

☐ Transfer of land with qualified conservation easement (land only - not improvements)

☐ Other, specify. _____

*stamp:* RECEIVED CITY OF THE ASSESSOR OFFICE OF THE ASSESSOR SEP 22 2021 PTA FEE PAID $__ INITIALS

**CERTIFICATION**

*I certify that the information above is true and complete to the best of my knowledge*

| Printed Name | MARLON HAUGABOOK |
|---|---|
| Signature | M. Haugabook |
| Date | 9-22-21 |
| Name and title, if signer is other than the owner | Daytime Phone Number 313-268-6433 | E-mail Address |

Bernard J. Youngblood
Wayne County Register of Deeds
2021348261      L: 57048 P: 1360
09/22/2021 11:45 AM    DC    Total Pages: 2

# Wayne County Register of Deeds Coversheet

# Submitted Document Follows This Coversheet

Bernadette M. Brown
Wayne County Register of Deeds
2021348259      L: 57048 P: 1357
09/22/2021 11:45 AM   QCD   Total Pages  1

## QUIT CLAIM DEED
### STATUTORY FORM

KNOW ALL MEN BY THESE PRESENTS: That Grantor(s) ~~JIMMIE LEE HAUGABOOK (WHOSE DEATH~~ ~~CERTIFICATE IS ATTACHED) AND~~ MARY E. HAUGABOOK (WIFE)

The address of which is: 14610 PREST STREET DETROIT, MICHIGAN 48227

Quit claim(s) to Grantee(s): MARLON HAUGABOOK

Whose address is:  14610 PREST STREET DETROIT, MICHIGAN  48227

The following described premises situated in of CITY OF DETROIT
County of Wayne and the State Of Michigan

Legal Description:
LOT 91 AVON PARK SUBDIVISION OF  W. ½ OF N. W. ¼ OF SECTION  19,  EXCEPT THE SOUTH 16 ¾ ACRES, AND  N. 1/3 OF N.W. ¼ OF SECTION  19, T. 1 S.,  R 11E.,  GREENFIELD TWP., WAYNE CO., MICHIGAN. AS RECORDED L. 30, P. 98 PLATS, W. C. R.

Tax I.D. 22048583.  Commonly Know Address # 14610 Prest Detroit, MI 48227

Together with all singular tenements; herediaments and appurtenances thereunto belonging or in anywise appertaining, for the sum of One Dollar ($1.00)Exempt under MSA 7.456(5) (a) MCL 207.526 (6) (a)

Dated this 5th day of FEBRUARY 2015 A.D.

*Mary E. Haugabook*
Signature **MARY E. HAUGABOOK**

STATE OF MICHIGAN )

COUNTY OF WAYNE ) SS

The foregoing instrument was acknowledged before me this, FEBRUARY 5TH 2015 by
**MARY E. HAUGABOOK**

*Sabrina H. Lowe*
Notary Public, acting  in Wayne County

My commission expires October 26, 2026

**Prepared by and Returned to:**

 MARY HAUGABOOK

14610 PREST STREET

Detroit, Michigan 48227

SABRINA H LOWE
Notary Public - State of Michigan
County of Wayne
My Commission Expires Oct 26, 2026
Acting in the County of WAYNE

**STATE OF MICHIGAN**
**IN THE WAYNE COUNTY THIRD JUDICIAL CIRCUIT COURT**
(Civil Division)

| | |
|---|---|
| **MARLON HAUGABOOK,** | |
| Plaintiff, | |
| v. | **Civil Case No. 23-002095-CH** |
| | **Hon. John Flanagan** |
| **U. S. HOUSING AND URBAN** | |
| **DEVELOPMENT** *et al,* | |
| Defendant, | |

Shakeena G. Melbourne (P78958)
Plaintiff/Counter-Defendants
Upton Law PLLC
*Attorney for Plaintiff*
23205 Gratiot Avenue, #354
Eastpointe, MI 48021
(248) 677-2019
lawyer@uplawpllc.com

**AMENDED COMPLAINT**

A CIVIL ACTION BETWEEN THESE PARTIES OR OTHER PARTIES ARISING OUT OF
THE TRANSACTION OR OCCURRENCE ALLEGED IN THE COMPLAINT HAS BEEN
PREVIOUSLY FILED IN THE STATE OF MICHIGAN DISTRICT COURT, WHERE IT
WAS GIVEN CASE NUMBER 22392030. THE ACTION REMAINS PENDING.

This suit arises out of a wrongful foreclosure, violation of the constitutional right of due

process and breach of covenant of good faith and fair dealing. This case concerns a home equity

conversion mortgage, also known as an "HECM" or "reverse mortgage," and an insurance program

run by the United States Department of Housing and Urban Development ("HUD"). The HECM

program, authorized by section 255 of the National Housing Act (NHA) (12 U.S.C. 1715z-20), is

Document received by the MI Wayne 3rd Circuit Court.

FHA's reverse mortgage insurance program. The regulations for this program are codified in 24 CFR part 206.

## PARTIES

1. The Plaintiff is Marlon Haugabook. He is the owner of 14610 Prest, Detroit Michigan, ("Subject Property") by way of Deed. Also, he is an heir to his mother, Mary E. Haugabook, who had a reverse mortgage on subject property. He is a resident of the state of Michigan. (Exhibit "A" – Warranty Deed).

2. Defendant, United States Department of Housing and Urban Development ("HUD") is governed by sovereign immunity doctrine, which bars "any suit in law or equity, commenced or prosecuted against one of the agencies of the United States." U.S. Const. amend. XI. In this case, it is argued that the sovereign immunity is waived by HUD's action in filing for (a) nonjudicial foreclosure and (b) subjugating themselves to the State of Michigan by filing eviction proceedings against this Plaintiff. To require this Plaintiff would be required to go elsewhere to defend himself, which is inherently unfair, costly and time-consuming.

3. There are three exceptions to Eleventh Amendment immunity: (1) "Congress may abrogate immunity by statute;" (2) "suits against a state official seeking prospective injunctive relief . . .;" and (3) waiver by the state. Carten v. Kent State Univ., 282 F.3d 391, 398 (6th Cir. 2002) (citing Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908); Lawson v. Shelby Cnty., 211 F.3d 331 (6th Cir. 2000)).

4. Served upon the Office of General Counsel for HUD, Amanda Shaughnessy, Chief Counsel, located at Detroit Field Office, McNamara Federal Building, 477 Michigan Avenue, Floors 16 & 17. Detroit, MI 48226

Document received by the MI Wayne 3rd Circuit Court.

5. The Defendant, Financial Freedom Senior Funding Corporation, a subsidiary of Lehman Brothers Bank, FSH, whose resident agent is Corporation Service Company. The address is 601 Abbott Road, East Lansing, Michigan 48823.

**JURISDICTION AND VENUE**

6. Venue is proper in this Court, pursuant to MCL 600.1621 and by MCL 600.1605.

7. Jurisdiction is proper pursuant to MCL 600.601; as the amount in controversy exceeds Twenty-Five Thousand Dollars, ($25,000.00).

8. This court has personal jurisdiction over Plaintiff Haugabook.

9. This court has personal jurisdiction over Defendant Financial Freedom Senior Funding Corporation.

10. The actions taken by the U. S. Department of Housing and Urban Development reflects a waiver of sovereign immunity.

11. The events, transactions, and occurrences forming the factual nexus and subject matter of Plaintiff's complaint against Defendants.

**GENERAL FACTS**

12. The Act 12 U.S.C. § 1715z-20 states that the purpose of this Section is to authorize the Secretary to carry out a program of mortgage insurance designed for one of two purposes: **(1)** to meet the special needs of elderly homeowners by reducing the effect of the economic hardship caused by the increasing costs of meeting health, housing, and subsistence needs at a time of reduced income, through the insurance of home equity conversion mortgages to permit the conversion of a portion of accumulated home equity into liquid assets; and **(2)** to encourage and increase the involvement of mortgagees and participants in the

Document received by the MI Wayne 3rd Circuit Court.

mortgage markets in the making and servicing of home equity conversion mortgages for elderly homeowners.

13. The intent of the Home Equity Conversion Mortgage program is to ease the financial burden on elderly homeowners facing increased health, housing, and subsistence costs at a time of reduced income. FHA's mission is to serve underserved markets.

14. HUD implemented the anti-displacement intent of reverse mortgages. They attempted to reach back to contracts that existed prior to August 4, 2014. HUD issued additional requirements in Mortgagee Letter 2015-15. They created the Mortgagee Optional Election ("MOE") which allows a reverse-mortgage lender, at its election, to assign the reverse mortgage to FHA when the last surviving borrower dies, and the lender has met certain criteria. Once the reverse mortgage is assigned to HUD, the surviving spouse would be protected from displacement as long as they continue to maintain eligibility (e.g., they must continue to reside in the property secured by the reverse mortgage).

15. HUD recently finalized rules that revise the HECM program guidelines in 82 Fed. Reg. 7094 (Jan. 19, 2017). The regulations were effective September 19, 2017. The reverse mortgage regulations codified many of the policies previously announced by HUD through its Mortgagee Letters and other guidance.

16. Deferring the Due and Payable Status for Eligible Non-Borrowing Spouse. *Acquisition and Sale of Property.* This rule replaces the requirement that the property be sold for at least 95 percent of the appraised value with a more flexible provision which allows the Commissioner to lower this amount as necessary to adapt to market conditions and other factors.

Document received by the MI Wayne 3rd Circuit Court.

17. *Cash for Keys.* This rule provides an incentive for parties with legal authority to dispose of a property that serves as the security for a HECM to complete a deed in lieu of foreclosure more quickly. The rule also applies the Cash for Keys incentive when a bona fide tenant vacates the property prior to an eviction being initiated by the mortgagee in the case of a foreclosure.

18. This rule grants the Commissioner the flexibility to increase the minimum amount of time a mortgagee shall grant the borrower or bona fide tenant to vacate the property and the authority to establish the amount of the financial incentive.

## SIGNIFICANT FACTS OF THE CASE

19. On or about the 7th of October, 1970, Jimmie Lee Haugabook and Mary E. Haugabook, as husband and wife, as well as the parents of the Plaintiff, purchased real property located at 14610 Prest, Detroit Michigan. (Exhibit "A" – Warranty Deed)

20. On or about November 6, 2003, the mother of Plaintiff, Mary E. Haugabook, executed, as mortgagor, in favor of Financial Freedom Senior Funding Corporation, a subsidiary of Lehman Brothers Bank, FSB, as mortgagee, which was recorded November 26, 2003 at Liber 39629, Page 709, Wayne County Records.

21. The Defendants stated that the mother of Plaintiff, Mary E. Haugabook signed a mortgage that contained language which stated "Lender may require immediate payment in full of all sums secured by this Security Instrument if  .   .  . (a) Borrower dies and the property is not the principal residence of at least one surviving Borrower  .   .  ."

22. The Plaintiff, Marlon Haugabook, lived with his mother and assisted her prior to her death.

23. On February 15, 2015, the mother, sole owner, signed a quit claim deed to her son, the Plaintiff. The mother of Plaintiff, Mary E. Haugabook died. Due to the signed Deed. The Plaintiff was the legal owner of the real property and not merely an "heir."

24. There came a time which Mary E. Haugabook died and Plaintiff notified Defendant of the death of his mother.

25. The Plaintiff continued to live in the home and is current on all housing expenses, including taxes, insurance, and utilities; he wis eligible for assignment under the 2015-15 MOE in every way.

26. When the Plaintiff notified the Defendant of the death of his mother and that he was the actual owner of the property; the Defendant failed to tell the Plaintiff of his legal rights and/or options to clear the debt. For example, that as the legal owner and heir that under federal law, the law permits heirs who inherit property with reverse mortgages are only liable for the smaller of the full loan balance or 95% of the home's appraised value, whichever is less.

27. The Defendant failed to provide the fact that as the legal owner and heir that he could have had six months to satisfy the debt and if they are still actively seeking financing, heirs can contact the servicer and request a 90-day extension.

28. The Defendant failed to disclose the options that the owner of the property and heir could take to resolve the problem. They did not offer assistance for financial counseling that may help with (a) pay back the loan, (b) sell the home and use the proceeds to repay the reverse mortgage, (c) deed the home to the lender, etc.

Document received by the MI Wayne 3rd Circuit Court.

29. The Defendants were quite aware that their failure would injure the Plaintiff. In the comment in 82 Fed. Reg. 7094 (Jan. 19, 2017) HUD acknowledges that thirty days after a deferral period cease is not a sufficient time frame to cure a default.

30. The Defendant alleges that they sent the Notice of Default and Foreclosure Sale was sent on March 16, 2022, to Plaintiff.

31. The Defendant also alleges that on April 5, April 12 and April 19, 2022, they published in the Detroit Legal News the Foreclosure Sale.

32. Finally, the Defendant states that that they sold the real property at the foreclosure sale which was held on May 10, 2022 at 11:00am, at the Wayne County Courthouse in Detroit, Michigan. From the time that notice of default was sent through the actal foreclosure was less than forty-five days. This was unreasonable.

33. HUD and their mortgage servicers knew that there were issues with non-borrowing owners on property that was held as their collateral. In 82 Fed. Reg. 7094 (Jan. 19, 2017) , it was stated "that HUD understands the potential issues that could arise from shared legal ownership of a property, . . . These individuals whether added before or after origination would have certain legal rights as would any other legal owner of a property."

34. Plaintiff alleges defendant violated his civil rights of due process. The Plaintiff was not allotted reasonable notice or an opportunity to cure.

35. "To establish a procedural due process claim, a plaintiff must show (1) he had a life, liberty, or property interest protected by the Due Process Clause; (2) he was deprived of this protected interest; and (3) the state did not afford him adequate procedural rights prior to depriving him of the . . . interest." Jasinski v. Tyler, 729 F.3d 531, 541 (6th Cir. 2013) (internal quotation marks omitted). "The Supreme Court has described 'the root

Document received by the MI Wayne 3rd Circuit Court.

requirement' of the Due Process Clause as notice and an opportunity to be heard before one is deprived of a significant property interest." Wedgewood Ltd. Partnership I v. Township Of Liberty, Ohio, 610 F.3d 340, 354 (6th Cir. 2010), quoting Cleveland Board of Education v. Loudermill, 470 U.S. 532, 542 (1985).

## COUNT I
### Violation of Article I § 17, Right of Due Process

36. The Plaintiff repeats and realleges all allegations contained in paragraphs 1 through 35 of the Complaint as it fully restated herein.

37. The failure to provide for notice, mediation and afford the opportunity to appropriately defend is a denial of Plaintiff's civil rights including equal access to the laws of the state of Michigan.

38. Article 1 section 17 states ". . . nor be deprived of life, liberty or property, without due process of law. The right of all individuals, firms, corporations and voluntary associations to fair and just treatment in the course of legislative and executive investigations and hearings shall not be infringed."

39. The Defendants arbitrarily relied upon an agreement that the Plaintiff was not a party. As a legal owner of real property by Deed. A third party, no matter what their relations may be to the Plaintiff, does not have the right to limit notice or defense.

40. A nonjudicial foreclosure is provided by an agreement, however, here in this case, there is no agreement between these parties.

41. The Defendants still had an obligation to notify the Plaintiff of his rights including mediation and payoff of the debt.

42. As HUD acknowledges, the owner has certain rights, and Plaintiff was denied those rights.

Document received by the MI Wayne 3rd Circuit Court.

43. It was the action of the Defendants that caused the Plaintiff to be denied the right of Due Process in this foreclosure action.

44. The Plaintiff lost his property to an unlawful foreclosure of real estate.

45. The Plaintiff lost his ability to receive proceeds from sale.

46. The Defendants were the cause of his injury in fact.

## COUNT II

### BREACH COVENANT OF GOOD FAITH AND FAIR DEALING

47. The Plaintiff repeats and realleges all allegations contained in paragraphs 1 through 35 of the Complaint as fully restated herein.

48. The Plaintiff acting in good faith, called and communicated with the Defendants concerning the death of his mother and stated that he had a Deed that she executed giving him the property.

49. He was not just an heir, but a lawful owner of the property and resided on the premises.

50. The Defendants, in response, hastily filed a nonjudicial foreclosure action.

51. The Defendants failed to communicate to him his rights as owner of property that is subject to their Deed of Trust.

52. The Plaintiff has shown: (1) he has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) his injury is fairly traceable to the challenged action of the defendant; and (3) it is "likely, as opposed to merely speculative," that the injury will be redressed by a favorable decision. Lujan v. Defenders of Wildlife , 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

53. Plaintiff suffered an injury in fact when his primary residence was wrongfully foreclosed and he faces a risk of displacement in the pending foreclosure action

Document received by the MI Wayne 3rd Circuit Court.

54. The Defendants are the cause of his injuries. Causation can be established when an injury is produced by a "determinative or coercive effect upon the action of someone else."

55. Here. HUD's regulations set the terms of the subject reverse mortgage, and HUD's regulations required RMS to foreclose upon the Plaintiff.

56. The Plaintiff lost his property to an unlawful foreclosure of real estate.

57. The Plaintiff lost his ability to receive proceeds from sale.

58. The Defendants were the cause of his injury in fact.

## COUNT III

### VIOLATION OF 24 C.F.R. Section 206.125

59. The Plaintiff repeats and realleges all allegations contained in paragraphs 1 through 58 of the Complaint as fully restated herein.

60. In 24 C.F.R. § 206.125, which is a part of the rules that governs foreclosures states, "The mortgagee shall commence foreclosure of the mortgage within six months of the due date defined in § 206.129(d)(1)." ML 2015-15.

61. It goes on to say that "If the lender fails to foreclose in time, HUD imposes a financial penalty: withholding any further interest the lender could have earned on the loan. 24 C.F.R. § 206.129(d)(2)(x). HUD's regulatory scheme is sufficiently "determinative" upon Defendant to meet the causation standard.

62. Here, a disclosure of interest included in payoff is required. What period, how open and why interest is derived should have been explained in full to the Plaintiff.

63. Failure to disclose all accounting causes injury to the Plaintiff.

Document received by the MI Wayne 3rd Circuit Court.

64. Is Plaintiff not only being denied his property through a wrongful foreclosure, but are proceeds that should be provided to him given to the lenders without so much as a review by the owner of the property?

65. Plaintiff has adequately alleged causation for his regulation challenges.

66. Also, the lender sought the wrongful foreclosure by relying upon the loan terms as found in the signed 2003 documents but failed to consider the Mortgagee Optional Elections (MOE) and other modifications that were instituted by HUD to protect the surviving spouse and heirs.

67. Understanding that this may happen, HUD fashioned prospective relief in a "Mortgagee Letter" directed to participating private lenders, requiring all reverse mortgages issued after August 4, 2014, to include a Deferral Period. ML 2014-07 (April 24, 2014). The Deferral Period postpones a reverse mortgage's due and payable status (and subsequent foreclosure) until the death of the last eligible non-borrowing spouse.

68. The Defendants did not provide a deferral period to the Plaintiff.

69. This prevented the Plaintiff an opportunity to respond and seek assistance.

70. His home was taken in a wrongful foreclosure.

71. Proceeds of the sale were not appropriately applied.

**COUNT IV**

**ENTITLED TO A JUDICIAL FORECLOSURE AS A MATTER OF LAW**

72. The Plaintiff repeats and realleges all allegations contained in paragraphs 1 through 71 of the Complaint as it fully restated herein.

Document received by the MI Wayne 3rd Circuit Court.

73. The Defendants do not have an executed agreement with this Plaintiff, Marlon Haugabook. They do not have a Deed of Trust nor a note that creates a contract that allows them to foreclosure on deeded property.

74. The Plaintiff has suffered "irreparable injury."

75. An agreement entered into by a third party should limit the rights of this Plaintiff nor should it be an avenue for a quick foreclosure in the hopes of denying the rights of the Plaintiff.

76. The Plaintiff lost his property to an unlawful foreclosure of real estate.

77. The Plaintiff lost his ability to receive proceeds from sale.

78. The Defendants were the cause of his injury in fact.

**COUNT V**

**VIOLATION OF 12 CFR PART 1024 REGULATION X
§ 1024.40 CONTINUITY OF CONTACT**

79. The Plaintiff repeats and realleges all allegations contained in paragraphs 1 through 78 of the Complaint as it fully restated herein.

80. The Plaintiff is the owner of the subject property by way of Deed and as an heir after the death of this mother who executed a reverse mortgage.

81. The Plaintiff notified the Defendants of the death of his mother. Upon that communication they were notified that they now had a duty to assist him. The assistance should have been in the form of the following:

- Communicate available loss mitigation programs.

- Explain how to submit a complete loss mitigation application.

- Inform him of the status of his application.

- Discuss the appeal process.

Document received by the MI Wayne 3rd Circuit Court.

- Assign a single person or a team to assist.

82. In the case at hand, the Defendants failed to take the required action instead foreclosing in less than sixty (60) days.

83. The Plaintiff lost his property to an unlawful foreclosure of real estate.

84. The Plaintiff lost his ability to receive proceeds from sale.

85. The Defendants were the cause of his injury in fact.

### COUNT VI

### RIGHT OF REDEMPTION

86. The Plaintiff repeats and realleges all allegations contained in paragraphs 1 through 85 of the Complaint as fully restated herein.

87. Michigan's Foreclosure Law includes a six-month redemption period for homeowners whose homes have sold at a foreclosure sale.

88. The Defendants failed to provide accounting with an accurate payoff to the Plaintiff.

89. The Defendants rushed through the foreclosure without allowing the defense of the inadequacy of the accounting.

90. The Plaintiff was injured by this action and unable to redeem the subject property.

91. The Plaintiff lost his property to an unlawful foreclosure of real estate.

92. The Plaintiff lost his ability to receive proceeds from sale.

93. The Defendants were the cause of his injury in fact.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter its judgment as:

a. that Defendant, and any persons claiming under Defendant, be required to set forth the nature of their claims to Plaintiff's Property;

Document received by the MI Wayne 3rd Circuit Court.

b. to decree, declare, and adjudge that Plaintiff owns Property in equity, and is entitled to the quiet and peaceful possession of Property, and that Defendant and all persons claiming under Defendant have no estate, right, title, lien, or interest in or to Property or any portion of the Property;

c. to permanently enjoin Defendant and all other persons claiming under Defendants from entering the Property; and

d. awarding to Plaintiff the costs of this action, including attorney fees, and such other and further relief as this court deems just and appropriate.

Dated: March 27, 2023                                    Respectfully Submitted,

                                        By:    */Shakeena G. Melbourne/*
                                                Shakeena Melbourne (P78958)
                                                Upton Law, PLLC
                                                Attorney for Defendant
                                                23205 Gratiot Ave. #354
                                                Eastpointe, MI 48021
                                                Office: (248) 677-2019
                                                Email: Lawyer@uplawpllc.com

Document received by the MI Wayne 3rd Circuit Court.

# EXHIBIT A

Document received by the MI Wayne 3rd Circuit Court.

*101*

**WARRANTY DEED**
STATUTORY FORM

F535569

L17497 PA717

KNOW ALL MEN BY THESE PRESENTS: That Richard Pobur, a single man

whose address is 14610 Prest, Detroit, Michigan

Convey s and Warrant s to Jimmie Lee Haugabook and Mary E. Haugabook, his wife.

whose street number and postoffice address is 8743 Dexter, Detroit, Michigan

the following described premises situated in the City of Detroit County of Wayne and State of Michigan, to-wit: Lot 91 AVON PARK SUBDIVISION of W. 1/2 of N.W. 1/4 of Section 19, except the South 16 3/4 acres, and N. 1/3 of N.E. 1/4 of N.W. 1/4 of Section 19, T. 1 S., R. 11 E., Greenfield Twp., Wayne Co., Michigan. As Recorded L. 30, P. 98 Plats, W.C.R.

RECORDED OCT 15 1970 AT
BERNARD J. YOUNGBLOOD, Register of Deeds
WAYNE COUNTY, MICHIGAN 48226

together with all and singular the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining,

for the sum of Twenty-one Thousand Five Hundred Dollars.

subject to building and use restrictions and easements of record.

Dated this     7th     day of     October     19 70

Signed in the presence of:          Signed by:

_Eldon G. Wolcott_          _Richard Pobur_
Eldon G. Wolcott               Richard Pobur

_Gloria Usher_
Gloria Usher

REAL ESTATE

STATE OF MICHIGAN }
COUNTY OF Oakland } ss.

The foregoing instrument was acknowledged before me this     7th     day of     October

19 70   by   Richard Pobur, a single man

_Eldon G. Wolcott_
Eldon G. Wolcott   Notary Public,
Oakland   County, Michigan

My Commission expires   Jan. 23,     1973

City Treasurer's Certificate

This is to certify County Treasurer's Certification on the property and that there are paid for FIVE YEARS previous to date of this instrument EXCEPT

No.   7721

OCT 14 1970   Wayne County

When Recorded Return To:
_Grantee_
14610 Prest
Detroit, Mich.

Send Subsequent Tax Bills To:

Drafted by:
Gloria Usher
Business Address
Wolcott Real Estate
708 N. Woodward
Royal Oak, Michigan

Tax Parcel # 41583     Recording Fee     Revenue Stamps 23.65

BURTON ABSTRACT AND TITLE COMPANY HAS OPERATED CONTINUOUSLY SINCE 1866

MAKE YOUR REAL ESTATE TRANSFERS SAFE BY USING BURTON TITLE INSURANCE

Document received by the MI Wayne 3rd Circuit Court.

Upton Law, PLLC
23205 Gratiot Ave #354
Eastpointe, MI 48021



7021 1970 0001 9180 1720



RDC 99

48202

US Attorney's Office for
the Eastern District of Michigan
211 W. Fort St., Ste. 2001
Detroit, MI 48226